IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILTON K HERBERT,

    Plaintiff,

v.                                                CASE NO. 1:12-cv-231-MP -GRJ

ALACHUA COUNTY JAIL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, a handwritten document docketed as a *pro se* Complaint pursuant to 42 U.S.C § 1983.  For the reasons discussed below, it is **RECOMMENDED** that this case be **DISMISSED**.

A review of the Complaint reflects that it stems from Plaintiff's 1997 Alachua County conviction for sexual battery of a victim under the age of 16 and his 2002 conviction and sentence for failing to comply with sex offender registration requirements.  Plaintiff was released from the custody of the Department of Corrections in October 2005.  Plaintiff is presently confined in the Alachua County Jail on a felony charge of failing to comply with State law mandating that sex offenders report a change in permanent residence within 48-hours of such change.   In the instant Complaint, Plaintiff seeks to challenge the constitutionality of Florida's sex-offender reporting laws.  For relief, Plaintiff seeks repeal of the 48-hour notice law.  Doc. 1.

The Complaint is defective in several respects.  First, Plaintiff failed to use the Court's form for *pro se* prisoner complaints, and failed to either pay the $350.00 civil rights filing fee or file a motion for leave to proceed as a pauper.

Moreover, it is clear that Plaintiff is challenging his present confinement on the pending State charges.  "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Plaintiff's claims in this case go to the very heart of habeas corpus and are not properly raised in a civil rights complaint.

Even if the Court were to construe the instant complaint as a habeas corpus petition, it would be subject to dismissal as premature, because this Court must abstain from passing on his claims pursuant to the *Younger v. Harris* abstention doctrine.  401 U.S. 37 (1971).  "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances."  *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997).  "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004).  The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised.  *Id.* at 1263 n.6.  None of the *Younger* exceptions apply in this case. Plaintiff has an adequate opportunity to advance his claims in the state court criminal proceedings.

In an appropriate case, the Court affords *pro se* plaintiffs an opportunity to file an amended pleading that complies with the Court's requirements before recommending dismissal of a case. In this case, however, it is clear that amendment would be futile and would serve no purpose.

For the foregoing reasons, it is respectfully **RECOMMENDED** that:

1. The Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. All pending motions be terminated and the Clerk directed to close the file.

**IN CHAMBERS** in Gainesville, Florida, on October 15, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**